**THE ZUPPA FIRM PLLC**

**1205 Franklin Avenue**
**Suite 350**
**Garden City, New York 11530**

RAYMOND J. ZUPPA
**(516) 280-9833**
**rayzuppa@thezuppafirm.com**

June 26, 2020

Judge Margo K. Brodie
225 Cadman Plaza East
Brooklyn New York 11201

   **Re:**  **Government Employees Insurance Company v. Gentle Care Acupuncture P.C., Arkady Kiner et al. Index No.: 20-cv-1695**

Dear Judge Brodie:

There is "an important public policy to weed out the frivolous and insubstantial cases at an early stage in the litigation" _Rotolo v. Borough of Charleroi_, 532 F.2d 920, 922 (3d Cir. 1976) (citing _Valley v. Maule_, 297 F. Supp. 958, 960 (D. Conn. 1968).

> At the least, Rule 12 attempts "to expedite and simplify the pretrial phase of federal litigation while at the same time promoting the just disposition of cases." Early resolution on the merits is also an important objective of the Rule 12(b)(6) motion. In other words, Rule 12(b) (6) is viewed as one of the basic pretrial interception/discouragement mechanisms in the Federal Rules. Accordingly, the general purposes of pleading and Rule 12(b)(6) are not only to give "notice," but also to resolve or screen out some unmeritorious cases at the pleading stage.

_Functions of Rule 12(b)(6) in the Federal Rules of Civil Procedure: A Categorization Approach_, Campbell Law Review, Volume 42, Issue 2, Spring 1993 Page 128. (Collecting cases and treatises)

All of the above has been relatively recently been fortified by _Bell Atl. Corp. v. Twombly_, 550 U.S. 544, 557, (2007) and the plausibility pleading standard revolution that followed; _see, e.g._ _Ashcroft v. Iqbal,_ 556 U.S. 662, 678 (2009)[1]

As per the Court's Individual Motion Practice _Rule 3.A_ I filed a letter motion on July 27, 2020 to schedule a pre-motion conference on behalf of Defendants Kiner/Gentle Care for leave to make a

---

[1] I do not like the plausibility standard as it seems that its main purpose now – based upon empirical study – is to dismiss civil rights cases. But it is allegedly a uniform pleading standard and the law of the land.

motion under *F.R.C.P. Section 12 (b)(6)*. I noted that we could "dispense with the conference and just proceed to scheduling as a matter of efficiency as provided by *Rule 3.A*."

The Plaintiff GEICO responded to the above mentioned letter motion promptly on July 31, 2020.

I am not writing to argue the merits. I am writing to humbly notify the Court that it is now September 16, 2020 and no pre-motion conference has been scheduled and no motion schedule has been given.

Meanwhile we are in the miasmic depths of some very intensive and expensive discovery that will become more intense as it goes on. It is no secret that discovery is the most expensive part of discovery as noted by the *Twombly* Court which motivated the very decision and plausibility standard.

At this rate this motion may not be decided until discovery is practically over thereby negating the benefits of making the motion. We certainly do not want to make have a pending motion to dismiss at the summary judgement stage or while picking a jury.

This is a statutory motion of right. *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647 (2d Cir. 1987). As such my client's right is being abolished on a daily basis.

I respectfully understand a number of things. The Pandemic has slowed matters down considerably. There is a shortage of Article III Judges and an explosion of litigation. In addition perhaps the papers have been lost or misplaced. Yet my client has scant resources that are being quickly dissipated.

Please I beg the Court to issue a briefing schedule as soon as possible. In the alternative the Court could promptly schedule the conference in this matter. As stated it is a motion of right and I will not be dissuaded from making it. If the Court feels that the motion is frivolous the undersigned could be sanctioned as a check on frivolous motion practice.

I would also suggest a tight briefing schedule and the assignment of this motion to the Magistrate Judge who discussed this very point at the discovery conference and expressed a willingness to decide the motion.

With Much Respect

*Raymond Joseph Zuppa*
Raymond J. Zuppa